STATE OF NORTH CAROLINA v. THEODORE HENRY FRANKUM.

(Filed 13 December, 1967.)

**Criminal Law § 167—**

Any technical error in putting into effect a suspended sentence *held* not prejudicial to the defendant in this case when the sentence is to run concurrently with another sentence of imprisonment imposed upon defendant the same day, it being to defendant's advantage to be freed of the sentence of suspension in this manner.

APPEAL by defendant from *McLean, J.*, 24 July 1967 Criminal Session, GASTON County Superior Court.

The defendant was convicted in the Domestic Relations Court of Gaston County of the willful abandonment and non-support of his wife and two minor children. The Court continued prayer for judgment upon conditions, and the defendant appealed to the Superior Court. There, on 21 November 1966, he entered a plea of

guilty to the charge; and the Court imposed a sentence of eighteen months' imprisonment, suspended on condition, among others, that he pay $20.00 per month for the support of his minor children, and that he pay the costs within three months. In July 1967, Judge Mc-Lean found that the defendant had failed to comply with the above conditions and ordered that commitment issue to place the prison sentence into effect. On the same date, Judge McLean had imposed upon the defendant a sentence of eighteen months for assault with a deadly weapon (*State v. Frankum, ante,* p. 253), with the provision that it was to run concurrently with the sentence pronounced in this case. The defendant appealed in both cases.

*Donald E. Ramseur, Attorney for defendant appellant.*

*T. W. Bruton, Attorney General; William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

PER CURIAM: The defendant contends that the technical requirements for placing a suspended prison sentence into effect were not observed in this case. Even if his claim were substantiated, it is apparent that no substantial disadvantage to him has resulted.

Since he must serve an eighteen months' sentence in the assault case referred to above, it will be to his benefit to be freed of the suspended sentence in this case by serving it concurrently with the other sentence.

This, of course, does not relieve the defendant of the responsibility of supporting his minor children, and he is still subject to prosecution for any future, and wilful, failure to do so.

No error.